IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick Jerome English, #301507, | ) | C/A No.: 1:17-2040-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Bush and Ms. Gause, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Roderick Jerome English ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Broad River Correctional Institution ("BRCI"), a facility of the South Carolina Department of Corrections ("SCDC"). He filed this civil action against BRCI Warden Dennis Bush ("Bush") and the Head of State Classification Ms. Gause ("Gause") (collectively ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaint for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff states he is "challenging duration of a exspired conviction." [ECF No. 1 at 3] (errors in original). Plaintiff filed a petition for writ of certiorari with the United States Supreme Court that was docketed on May 17, 2017. [ECF No. 1-1 at 1]. The Supreme Court sent a letter indicating the petition had been filed and enclosing a form

titled "Waiver," which opposing counsel could return to the Court to indicate whether respondent(s) intended to file a response to the petition. *Id.* at 3. In his complaint. Plaintiff states the following:

> [The] Supreme Court of the United States office waive All The Warden Legal Writ to hold petitioner in custody I warn [Bush] on July 31, 2017, I show In proof In the Docket that he's Intitled to make appropriate custody change he stated he does not understand what the waiver mean.

[ECF No. 1 at 3] (errors in original). Plaintiff states he then filed a copy with Gause

> to show proof's of correctives needed to be made In only petitioner English Record for Max-out Earn Credits and parole and appropriate custody which would Is found to be A Work Release Do To the Waiver Discharge Bargain grant for petitioner Writs 4 Execution of process Marshal's Return custody of property procedure for release compliant sercurity.

*Id.* (errors in original). Plaintiff claims Bush has been properly notified of Plaintiff's rights and has

> Denied the Apprioate Change inttitled To petitioner English. Because He states he's Does not have the Law Knowledge to understand the serviceing In The Waiver Disposition.

*Id.* at 4 (errors in original). Plaintiff asks the court to order SCDC classification to make corrections to his records at SCDC "for the waiver disposition." *Id.* at 5. Additionally, Plaintiff requests the court contact Gause and "use force to have all relevant partie to make apprioate custody change." *Id.* (errors in original). Plaintiff also asks the court to "get In touch with the SSI office In Florence County" and "get the SSI check forward to these new address." *Id.* (errors in original). In addition, Plaintiff seeks monetary damages. *Id.*

2

II.  Discussion

   A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91

(4th Cir. 1990).

> B. Analysis
>
> > 1. Plaintiff is not entitled to mandamus relief

Plaintiff requests the court compel action by Defendants. Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–88 nn.2–4 (4th Cir. 1969). As Defendants are employed by the State of South Carolina, this court lacks jurisdiction under §§ 1361 and/or 1651 to grant Plaintiff's requested relief. *See In re Ridgway*, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. Apr. 18, 1995) ("This Court will not direct the action of state actors through mandamus."); *Moye v. Clerk, DeKalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973) (holding federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases). Therefore, Plaintiff's claims against Defendants are subject to summary dismissal.[1]

---

[1] To the extent that Plaintiff is also attempting to challenge his confinement, his claims are more properly brought in a petition for a writ of habeas corpus. *Preiser v. Rodriguez*,

2. Plaintiff has failed to allege a constitutional violation.

Plaintiff's claims regarding his social security check are also subject to summary dismissal, as he has failed to show he was deprived of a constitutional entitlement because his address was not updated by the Florence County Social Security office.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 23, 2017                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

411 U.S. 475 (1973). Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Id.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).